**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4185**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

     v.

CURTIS LAVON BRANCH,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge.  (4:11-cr-00082-F-1)

———————

Submitted:  October 11, 2012      Decided:  October 23, 2012

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Attorney, Raleigh, North Carolina, for Appellant.
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Lavon Branch pled guilty, pursuant to a plea agreement, to possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2006), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Branch to 240 months' imprisonment on the first charge and 120 months' imprisonment on the second, to be served concurrently. On appeal, Branch's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious issues for appeal but questioning whether the district court imposed a procedurally unreasonable sentence by basing the drug quantity determination and resulting advisory Guidelines range calculation upon uncorroborated hearsay of an unidentified informant. The Government has moved to dismiss Branch's appeal, asserting that he waived the right to appeal his sentence in his plea agreement. We dismiss in part and affirm in part.

We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation

2

omitted). To determine whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the accused's experience, conduct, educational background, and familiarity with the plea agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a district court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will refuse to enforce an otherwise valid waiver if enforcing the waiver would result in a miscarriage of justice. Id.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Branch knowingly and voluntarily waived the right to appeal his sentence. In the plea agreement, Branch agreed to waive the right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guidelines range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guidelines range." Because the district court imposed a sentence within the advisory Guidelines range, the issue Branch seeks to raise on appeal falls within the scope of his appellate waiver.

Accordingly, we grant the Government's motion to dismiss Branch's appeal of his sentence.

The waiver provision, however, does not preclude this court's review of Branch's convictions pursuant to Anders. Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands: the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2). We find that the district court complied with Rule 11's requirements. In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Branch's convictions.

This court requires that counsel inform Branch, in writing, of his right to petition the Supreme Court of the United States for further review. If Branch requests that a petition be filed, but counsel believes that such petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

4

a copy thereof was served on Branch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>